**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE ORTIZ VARGAS | Civil No. 22-cv-01196 |
| Plaintiff | |
| v. | Re: Violations of the Fair Debt Collection Practices Act. |
| CRESCA CORPORATION | |
| Defendant | |

## CLASS ACTION COMPLAINT

**COMES NOW,** Plaintiff, **José Ortiz Vargas**, on behalf of himself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, through the undersigned counsel, and before this Honorable Court respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I.   INTRODUCTION

1.      This action seeks redress for the unlawful and deceptive collection practices engaged by the Defendant in connection with their efforts to collect on a consumer debt against Plaintiff and others similarly situated (coupled, "Plaintiffs"). Plaintiffs allege that Defendant violated the Fair Debt Collection Practice Act ("FDCPA") by engaging in unlawful and deceptive collection practices. Plaintiffs request declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 15 U.S.C. §1692.

### II.      JURISDICTION AND VENUE

2.      Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

3.    Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant is domiciled in this District and does business in this District.

### III.   THE PARTIES

4.    Plaintiff, **José Ortiz Vargas**, is a natural person and a citizen of the Commonwealth of Puerto Rico. At all relevant times Plaintiff has resided in the municipality of Toa Alta, Puerto Rico.  Plaintiff is a "consumer" as such term is defined by the FDCPA.

5.    Defendant, **Cresca Corporation** (hereinafter referred as "**Cresca**" or "**Defendant**") is a Professional Corporation registered to do business in the Commonwealth of Puerto Rico.  Cresca is also domiciled in San Juan, Puerto Rico with a designated office address of: Reparto Metropolitano, 1012 Calle 9 SE, Rio Piedras, PR 00921.  Cresca is also collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts.  On behalf of clients, Cresca regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Cresca is a debt collector as such term is defined in 15 U.S.C. §1692a(6).

6.    Within the past year Cresca attempted to collect a consumer debt from Plaintiff.

7.    Defendants, **INSURANCE COMPANIES ABC** (hereinafter, "INSURANCE COMPANIES ABC"), are the insurance companies of the Cresca in this Complaint who are liable for the acts against the Plaintiff and are therefore responsible for the damages and acts alleged in this Complaint.

8.    Defendants, **JOHN DOE AND JANE DOE,** are fictitious names for unknown persons who participated in the acts and omissions against the Plaintiff and/or who are successors of Cresca, all responsible for the damages suffered by the Plaintiff.

### IV.   THE FACTS

**A. *General Allegations*.**

9.      Plaintiff re-alleges each and every previous allegation as if fully established herein.

10.      The Plaintiff is a natural person.

11.      Allegedly, Plaintiff entered into a consumer credit transaction with First Bank Puerto Rico (hereinafter referred as the "Consumer Debt").

12.      The Plaintiff, as a natural person and allegedly obligated to pay a debt, is a 'Consumer' as such term is defined by 15 U.S.C. §1692a(3).

13.      The Consumer Debt, based on a consumer credit card, was used for Plaintiff's personal, household, or family purposes; meaning, that the alleged debt was incurred for the benefit of Plaintiff as well as his family and his household.

14.      The Consumer Debt is a "debt" as such term is defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

15.      Sometime on/or before July 26, 2021, First Bank retained Cresco to commence collection efforts on the Consumer Debt.

16.      The FDCPA defines the term "debt collector" to include, amongst others: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another".   *See*, 15 U.S.C. §1692a(6).

17.      Cresco is a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts.

18.     On behalf of clients, Cresco regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.     On July 26, 2021, Defendant sent Plaintiff a collection letter ("Demand Letter"). *See*, **Exhibit A**.

20.     The Demand Letter was utilized to convey information regarding the Consumer Debt.

21.     The Demand Letter is a "communication" as such term is defined in 15 U.S.C. §1692a(2).

22.     The Demand Letter was sent through means of interstate commerce; namely, via first-class United States Mail.

### b. Allegations as to False, Deceptive and Misleading Representations.

23.     Plaintiff re-alleges each and every previous allegation as if fully established herein.

24.     The Demand Letter was sent to Plaintiff by Defendant on behalf of an alleged creditor/client of Defendant. *See*, **Exhibit A.**

25.     The Demand Letter incorporates false, deceptive and misleading representations.

26.     For example, the Demand Letter threatens Plaintiff that inaction will result in a legal process before the Court.  In fact, Defendant had no legal and/or factual basis to make such threat.

27.     Similarly, the Demand Letter threatens that Plaintiff's inaction will result in the filling of a legal procedure for fraud.  In fact, Defendant had no legal and/or factual basis to make such threat.

28.    The Demand Letter was signed by Ms. Ana Ramos Toro and states that it is from the Legal Division of the Defendant.  In fact, there is no "legal division" at Defendant and Defendant does not employee any attorneys.

29.    The Demand Letter states that it was sent by the Legal Division, however, no attorney at the collection agency meaningfully reviewed or authorized the letter before it was sent to the Plaintiff.

30.    The Demand Letter states that it was sent by the Legal Division, however, no attorney at the collection agency meaningfully reviewed the account balance to determine how the balance was calculated or if the balance was correct before the letter was sent to the Plaintiff.

31.    The Demand Letter states that it was sent by the Legal Division, however, no attorney at the collection agency reviewed the collection file or made a determination about the legal validity of the alleged debt before the letter was sent to the Plaintiff.

32.    Upon information and belief, before seeking to collect the Consumer Debt under the auspices of a legal division, no attorney at the Defendant actually reviews the statement of Plaintiff's account in a manner which allows Defendant to make certain legal judgments, which in the exercise of ordinary due diligence, an attorney would make in attempting to collect a debt associated with a consumer debt and prior to making threats liking filing a legal action based on fraud such as: (1) the date the consumer's account was opened (i.e., to determine whether the debt obligation was subject to legal or equitable defenses including applicable statute of limitations); (2) the date of each charge that was applied to the consumer's account; (3) the amount and date of each payment applied to the consumer's account; and (4) the method, rate, and means of computing interest on the consumer's account.

33.     Defendant's form collection letters, in the form and content of the Demand Letter attached as **Exhibit A**, left the Plaintiff – or any 'least sophisticated consumer' - with the impression that the letters are communications from an attorney and/or that an attorney at Defendant's "Legal Division" has analyzed the matter and that Plaintiff is in imminent danger of facing legal consequences.

34.     In fact, Defendant never intended to take legal action for fraud against the Plaintiff.

35.     Defendant attempted to collect the Consumer Debt using false, deceptive, and unconscionable means.

36.     As a result of Defendant's false, deceptive, and unconscionable collection practices Plaintiff was confused and had to spend time and money to visit counsel and engage counsel to review the Demand Letter.

37.     The time and money spent by Plaintiff addressing Defendant's violation of the FDCPA is precisely the statutory risk the FDCPA was intended to avoid.

## V.     COUNT I - VIOLATION OF *15 U.S.C. § 1692e(3)*

38. Plaintiff re-alleges each and every previous allegation as if fully established herein.

39. Plaintiff brings Count I on his own behalf and on behalf of others similarly situated.

40. *15 U.S.C. § 1692e(3)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

41.     The reference in the Demand Letter to a Legal Division, and the multiple references and mentions in the Demand Letter to legal proceedings and legal consequences imposed upon the

Plaintiff the impression that the Demand Letter was a communication reviewed by an attorney and/or that it was from an attorney.

42.     The impression that the Demand Letter was a communication from an attorney was a false, misleading, or deceptive representation because in fact, no attorney at Defendant's office had reviewed, authorized the Demand Letter nor was any attorney meaningfully involved in the drafting or preparation of the Demand Letter.

43.     The Demand Letter is a template which - in identical form and substance, other than inserting pre-defined fields such as name and address - is mailed to all Consumers from whom Defendant attempts to collect.

44.     The FDCPA prohibits a debt collector from using false, deceptive, or misleading representation or means to collect a debt, including the false representation or implication that any individual is an attorney or that the communication is from an attorney. *See*, 15 U.S.C. § 1692(3).

45.     Defendant's false, misleading, and deceptive representations in the Demand Letter violated 15 U.S.C. § 1692e(3).

46.     Defendant's false, misleading or deceptive representation in the Demand Letter that it would recommend to FirstBank to file suit for fraud in a court of law confused Plaintiff into believing that licensed attorneys had reviewed her file and that further legal action was imminent.

47.     Defendant's false, misleading or deceptive representation in the Demand Letter that as a result of its efforts it could now be understood that Plaintiff had originated the Consumer Debt without the intent of ever paying on such debt confused Plaintiff into believing that licensed attorneys and/or investigators had reviewed her file to arrive at this legal conclusion.

48.     Defendant's false, misleading or deceptive representation in the Demand Letter that the failure to pay the alleged Consumer Debt would result in the same being declared as due and

owing by a court of law confused Plaintiff into believing that licensed attorneys had reviewed her file to arrive at this legal conclusion.

49.     Defendant's false, misleading or deceptive representation in the Demand Letter that the Plaintiff's case could be referred to First Bank for legal action confused Plaintiff into believing that licensed attorneys had already reviewed her file and determined that there was a legal basis for legal action.

50.     Defendant's false, misleading or deceptive representation in the Demand Letter that it has a "legal Department" and that Mrs. Ana Rivas Soto, the signor in the Demand Letter, worked in such Department confused Plaintiff into believing that "Legal Division" and the licensed attorneys at Defendant had reviewed her file.

51.     As a result of Defendant's false representations and deceptive representations, Plaintiffs suffered tangible and intangible injuries.

52.     Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and emotional damages and injuries. For example, because of Defendant's false representation, Plaintiff was forced to engage counsel in a different and unrelated proceeding to this one, to review the Demand Letter and provide legal advice.  In addition, because Plaintiff was confused and unnerved by the repetitive suggestions in the Demand Letter that legal action was eminent, Plaintiff also retained bankruptcy counsel – in an unrelated proceeding – in order to stay the legal action threaten in the Demand Letter.

53.     The engagement of counsel, as a result of the confusion created by Defendant's violation of 1692e(3) imposed an economic cost and expense on Plaintiff that but for Defendant's false, misleading and deceptive representations Plaintiff would not have incurred.

54.     But for Defendant's false and misleading collection actions, Plaintiff would not have filed for bankruptcy in as much as the bankruptcy was filed, primarily, to stay what Plaintiff believed was eminent legal action.

55.     Additionally, Plaintiff suffered intangible injuries. For example, the confusion, distress, and fear created by the false and misleading representations in the Demand Letter resulted in severe emotional damages that but for Defendant's false, misleading, and deceptive representations would not have occurred.

56.     These emotional damages and risks resulted from precisely the sort of abusive debt collection practices which Congress sought to prevent in enacting the FDCPA.

57.     As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

58.     As a result of Defendants' conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

**VI.     COUNT II – VIOLATION OF 15 U.S.C. §1692e**

59. Plaintiff re-alleges each and every previous allegation as if fully established herein.

60. Plaintiff brings Count II on his own behalf and on behalf of others similarly situated

61. *15 U.S.C. § 1692e(11)* provides as follows:

62. Section *1692e,* in its pertinent part, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (5) **The threat to take any action that cannot legally be taken or that is not intended to be taken**;
> (6) ………………………………….…………………………..;

(7) ………………………….……………………………..;
(8) ………………………….……………………………..;
(9) ………………………….……………………………..;
(10) The **use of any false representation** or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*See,* 15 U.S.C. § 1692e(5), (10).

63.     The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." See, 15 U.S.C. § 1692e.

64.     "The FDCPA is 'a strict liability statue' and, thus, there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional." *See*, Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 437-38(2d Cir. 2018) (citing Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017)). "The strict liability standard applies to § 1692e claims." *See*, Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 646 (7th Cir. 2009).

65.     Therefore, a "[d]ebt collectors may not make false claims, period." *See*, Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); *see also*, Valle v. Westhill Exch., LLC, GJH-19-2304 (D. Md. Mar. 24, 2021) ("[A] debt collector may violate §1692e even if it unintentionally makes a false statement."); Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir 2003) ("[U]nder §1692e ignorance is no excuse."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

66.     Under Section 1692e, a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." *See*, 15 U.S.C. §§ 1692e(5).

67.     Defendant's Demand Letter incorporates false representation and deceptive means because it threatens, intentionally or unintentionally, that legal action could be taken and that

Plaintiff had engaged in fraud when in fact there was no basis for such threats; accordingly, the threatened action could not legally be taken at the time.

68.     Because the Demand Letter is a form/template communication, mailed to Plaintiff and all others similarly situated (coupled, the "Demand Letters"), the allegations in the Demand Letters that each Plaintiff and all other similarly situated engaged in fraud and/or that legal action will or can be taken was a false representation.

69.     Defendant's Demand Letter incorporates false representation and deceptive means because it never intended to commence a legal proceeding for fraud against the Plaintiff to collect the Consumer Debt.

70.     Defendant violated Section 1692e(5) by threatening to "take any action that cannot legally be taken or that is not intended to be taken" to collect a debt.

71.     Section 1692e also prohibits the "use [of] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". *See*, 15 U.S.C. §§ 1692e(10).

72.     Defendant's Demand Letter incorporates false representation and deceptive means by threatening the Plaintiff that it would recommend First Bank to commence a legal action for fraud in an attempt to collect the Consumer Debt and/or obtain information about the Plaintiff.

73.     Defendant's false, misleading, and deceptive representations in the Demand Letter violated 15 U.S.C. § 1692(10).

74.     Defendant violated Section 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Consumer Debt and/or to obtain, or attempt to obtain information regarding the Plaintiff.

75.     As a result of Defendant's false and misleading representations Plaintiff believed that he needed to pay the Consumer Debt immediately and in fact considered the payment of the Consumer Debt immediately; else, Plaintiff believed that the consequence of a legal action for fraud would follow.

76.     Unable to pay, in response to the false and misleading Demand Letter, the asserted amounts; Plaintiff was forced to file for Bankruptcy Protection in order to stay the threatened legal action.

77.     Having to file for bankruptcy, in response to the false legal threats, resulted in costs and expenses that would not have existed but for Defendant's false threats.

78. As a result of Defendant's conduct Plaintiff suffered tangible and intangible injuries.

79.     Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and physical damages and injuries. Economic damages include, but are not limited to, Plaintiffs retained counsel, and paid for the costs and fees associated thereto, to review the Demand Letter. Physical damages include, but are not limited to, physical tension, headaches, and upset stomach, all directly and proximately caused by Defendant's actions.

80.     Amongst Plaintiff's intangible injuries, Plaintiff suffered emotional damages and injuries.  Emotional damages include, but are not limited to, extreme anxiety, severe emotional distress, and the mental anguish which has resulted from Defendant's deliberate disruption of Plaintiff's financial rehabilitation efforts.

81.     As a result of Defendant's conduct, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

82.     As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

## VII.    COUNT III – VIOLATION OF 15 U.S.C. §1692e

83.     Plaintiff re-alleges each previous allegation as if fully established herein.

84.     Plaintiff brings Count III on her own behalf and on behalf of others similarly situated.

85.     *15 U.S.C. § 1692e(11)* provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (11)   The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

*See,* 15 U.S.C. § 1692e(11).

86.     Section 1692e(11) incorporate two separate and distinct mandates upon debt collectors.  First, in the "***initial communication***" the debt collector must disclose that: (a) the communicating party is a "debt collector," and (b) the communicating party "is attempting to collect a debt and that any information will be used for that purpose."  *See*, 15 U.S.C. § 1692e(11), *supra*. Second, in any "***subsequent communications***" the debt collector must disclose that the "communication is from a debt collector." Id.

87.     The FDCPA mandates strict compliance with its disclosure requirements of 1692e(11).  *See*, Masciarelli v. Boudreau & Associates, 529 F.Supp.2d 183 (D. Mass. 2007) ("a

collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communication...").

88.     The Demand Letter was a communication from Defendant that conveyed information regarding the Consumer Debt.

89.     The Demand Letter was a "communication" as such term is defined in the FDCPA.

90.     The Demand Letter was not the "initial communication" from Defendant.   *See*, Complaint.   ¶22-25, herein.

91.     The Demand Letter was a "subsequent communication" as per Section 1692e(11) of the FDCPA.

92.     Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff that it was a "debt collector" in the Demand Letter and/or any other "subsequent communication."

93.     The Demand Letter, a "subsequent communication" fails to disclose – as required by the FDCPA – that Defendant is a "debt collector" or that the Demand  Letter was sent by a "debt collector."  Id.

94.     Defendant's failure to disclose its identity as a "debt collector" – as required by the FDCPA – is a false, deceptive, or misleading representation in connection with the collection of a debt.

95.     Defendant's failure to disclose that Defendant is a "debt collector," when considered in the context of the Demand Letter - embedded in a letter with multiple references in to state court proceedings, filled with legal jargon, and signed by the "Legal Department" – resulted in Plaintiff's confusion as to whom was communicating with Plaintiff.

96.     Failure to disclose in a subsequent communication that the communicating party is a "debt collector" impaired the decision making process of Plaintiff and impairs the decision making process of the least sophisticated consumer.

97.     The Demand Letter, because it failed to disclose to Plaintiff that Defendant was a "debt collector" was a false, deceptive, and misleading representation in violation of the FDCPA.

98.     As a result of Defendants' false representations and deceptive representations, Plaintiffs was in fact mislead and suffered tangible and intangible injuries.

99.     Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and emotional damages and injuries.  For example, because of Defendant failed to accurately disclose that it was a "debt collector," Plaintiff was forced to incur in the cost and expense of engaging counsel, in a different and unrelated proceeding to this one, to review the Demand Letter and provide legal advice as to who was communicating with him and the legal status of the debt (i.e. debt collection, legal proceeding, etc.).  Moreover, Plaintiff was disturbed and confused by the lack of information as to the capacity of the party communicating with him, their ensuing intentions as well as the legal consequences to Plaintiff.  This confusion and disturbance created by Defendant's failure to disclose their capacity as a debt collector, as required by the FDCPA, caused Plaintiff severe emotional distress.

100.    Plaintiff also suffered intangible injuries.  For example, the confusion, distress, and fear caused by Defendant's false, misleading, and deceptive representations are precisely the sort of abusive debt collection practices which Congress sought to protect in enacting the FDCPA. Because Congress sought to avoid collection practices which disrupt a debtor's life, Congress mandated that communicating parties disclose their capacity as 'debt collectors.'

101.    Defendant's failure resulted in precisely the harm Congress sought to avoid.

102.    Because of Defendant's false, misleading or deceptive representations Plaintiff was induced to the believe that the Consumer Debt had been advanced to a licensed attorney for legal proceedings, as opposed to debt collection by a debt collector.

103.    As a result of the fear created by Defendants false, misleading, or deceptive representations and because the Demand Letter did not specify if it came from a "debt collector," Plaintiff was forced to engage counsel to review the Demand Letter to determine if the communication was from a debt collector or other party.

104.    These false, misleading or deceptive representations by Defendant imposed economic costs and expenses on Plaintiff that would not, but for Defendants actions, have been incurred by Plaintiffs.

105.    As a result of Defendants' conduct, Plaintiffs are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages caused by Defendant's conduct.

106.    As a result of Defendants' conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

## VIII.   CLASS ALLEGATIONS

107.    Plaintiff re-alleges each and every previous allegation as if fully established herein.

108.    Plaintiff brings Count I, Count II and Count III on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

109.    The Class consists of: (a) all natural persons with a Puerto Rico address; (b) who were sent a letter in the forms represented by **Exhibit A**; (c) on or after a date one year prior to the filing of this action; and (d) on or before a date 20 days after the filing of this Complaint.

110.    The class members are so numerous that joinder is impracticable.

16

111.    On information and belief, based on the use of a form letter such as the one attached hereto as **Exhibit A**, there are more than 1,000 natural persons with a Puerto Rico address in the class defined herein.

112.    There are questions of law and fact common to all class members, which predominate over any question that affect only individual class members.

113.    The predominant questions are:

(a) Whether **Exhibit A** is a form letter.

(b) Whether **Exhibit A** violates the FDCPA; and

(c) The liability of Cresca for the action of sending **Exhibit A**.

114.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

115.    Plaintiff will fairly and adequate represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

116.    A class action is superior to other alternative methods of adjudicating this dispute, in that:

a.  Individual cases are not economically feasible,

b.  Many consumers may not realize their rights are violated, and

c.  Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests from this Honorable Court to enter a judgment in favor of the Plaintiff and the class members, granting Plaintiff and the class members the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 26th day of April 2022.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail:  jeb@batistasanchez.com

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail:  wrv@batistasanchez.com