**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSÉ ORTIZ VARGAS<br>**Plaintiff**<br><br>v.<br><br>CRESCA CORPORATION<br>**Defendant** | **CIVIL NO.:** 22-1196 (PAD)<br><br>**RE:** Fair Debt Collection Practices Act |

**CLASS ACTION SETTLEMENT AGREEMENT**

**TO THE HONORABLE COURT:**

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement") dated January 15, 2025, is entered between José Ortiz Vargas (hereinafter referred to as the "Plaintiff" or "Class Representative") individually and on behalf of the "Class Members" (as defined below), and defendant, Cresca Corporation (hereinafter referred to as the "Defendant"). This Agreement its intended by Plaintiff and the Class Members (hereinafter collectively referred to as the "Class Members") and Defendant (collectively hereinafter referred to as the "Parties") to fully, finally, and forever resolve, discharge and settle the "Released Claims" (as defined below), in favor of the "Released Parties" (as defined below), upon and subject to the terms and conditions heretofore.

**WITNESSETH**

**WHEREAS**, the Parties agree upon the following predicate procedural history and facts:

1. On April 26, 2022, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against Defendant asserting individual and class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2. After an extensive discovery process and dispositive motions filing, the Court issued a *Memorandum and Order* on September 30, 2024 (at #96), which partially granted Plaintiff's Motion for Summary Judgment. As part of this Agreement, the Parties convene to set aside such *Memorandum and Order* as if it were never issued—and, in exchange, Defendant waives its right to seek an appeal of such *Memorandum and Order*.

3. Upon further conversations by the Parties, a settlement agreement has been reached. The purpose of this Agreement is to memorialize the final and complete settlement terms reached between the Parties.

4. The Parties believe that settlement by way of this Agreement is in their best interests, in view of the projected costs of continued litigation and appeal, which are offset by the benefits of a certain and immediate resolution in the form of disbursements to Plaintiff and Class Members. The Parties confirm that this Agreement provides a fair, reasonable, and adequate final resolution of the Lawsuit.

5. Pursuant to this Agreement, the Parties desire and intend to settle and resolve the "Released Claims" (as defined below), as to the "Released Parties" (as defined below) on a class basis.

6. Pursuant to this Agreement, the Parties desire and intend to seek certification of a FED. R. CIV. P. 23(a) and (b)(3) settlement class, composed of all natural persons with a Puerto Rico address, who were sent a letter in the form represented by **Exhibit A**, on or before a date one year prior to the filing of this action and or before a date 20 days after the filing of this action. Based on the evidence gathered during the discovery process, Defendant represents that there are 111 Class Members, after extracting three individuals who did not have a Puerto Rico address.

7. The Class Members shall receive written notice of the settlement and shall be entitled to receive a settlement payment upon timely submission of a completed "Claim Form" (as defined below).

8. The Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon Court approval, to seek a Final Order and Judgment from the Court dismissing with prejudice the claims of the Class Members as set forth herein. The Parties and their counsel agree to recommend approval of this Agreement to the Court. The Parties also agreed to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, to oppose any non-meritorious objections to the proposed settlement and to oppose any appeals from any orders of final approval.

**WHEREFORE**, in consideration of the promises, representations and warranties set forth, the Parties stipulate and agree as follows:

1. **DEFINITIONS:**  The following definitions shall apply to this Agreement:

    A. "Class Members" shall mean all natural persons with a Puerto Rico address who were sent a letter in the form represented by **Exhibit A**, on or before a date one year prior to the filing of this action. The Defendant represents that there are 111 Class Members.

B.  "Effective Date" shall mean the first date after the "Final Judgment Day" (as defined below) and after the Defendant fulfills the obligations required under this Agreement.

C.  "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final" upon the expiration of any available appeal period, following entry of the Final Order and Judgment. If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

D.  "Released Claims" shall mean any and all claims expressly stated in the Lawsuit (including, but not limited to, the claim(s) adjudicated in the 9/30/24 *Memorandum and Order*, at #96), plus any and all other courses of action, suits, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law (including the FDCPA), bankruptcy law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property and equitable claims) and also including all "Unknown Claims" (as defined below), which Plaintiff or a Class Member has or may have, arising out of, based upon, or in any way relating to the facts alleged in the Lawsuit.

E.  "Unknown Claims" shall mean any and all claims that Plaintiffs or any Class Member does not know of, is not aware of, or even suspect to exist against any of the Released Parties. Plaintiffs further acknowledge, and the Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to, or different from those that they now know or believe to be true, concerning the subject matter of this release—but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or hereto have

existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

  **F.** "Released Parties" shall mean Cresca Corporation and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers (particularly, without limitation, payer Chubb Insurance Company of Puerto Rico, Inc., hereinafter "Chubb"), co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit.

## 2. CLASS CERTIFICATION AND CLASS LIST

Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, per FED. R. CIV. P. 23 (a) and (b)(3), of a settlement class as defined above in **Section (1)(A) of this Agreement** and as informed by Defendant consisting of 111 Class Members. The proposed certification will be for the purposes of settlement only.

Having Defendant identified the 111 Class Members, Class Counsel will use the same for the purpose of monitoring the settlement and respond to inquiries from Class Members, if any.

## 3. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT

For settlement purposes, and subject to Court approval, Plaintiffs will seek appointment as the Class Representatives for the Class Members, and the law firm The Batista Law Group will seek appointment as counsel for the Class Members (hereinafter referred to as "Class Counsel") pursuant to Fed. R. Civ. P. 23(g).

## 4. ORDER OF PRELIMINARY APPROVAL

After this Agreement is fully executed, the Parties request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit B.**

5. **FINAL ORDER AND JUDGMENT**

If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Order and Judgment in substantially the form attached as **Exhibit C.**

    **A.**  Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any preceding orders issued by the Court in connection with the Lawsuit—and, in particular, Defendant reiterates its waiver of the right to seek an appeal of the 9/30/24 *Memorandum and Order* at #96.

    **B.**  Plaintiffs and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to FED. R. CIV. P. 23 is appropriate in this case. In the event this settlement is not approved, Defendants retain any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

6. **PAYMENT AND ADMINISTRATION**

As part of this Agreement, Class Counsel (on behalf of Plaintiff and Class Members, in order to resolve all of their claims), have accepted the total lump sum of seventy five thousand dollars ($75,000) to cover all compensation whatsoever to Plaintiff and all Class Members (whether actual damages, statutory damages, tort damages, economic damages, punitive damages, attorneys' fees, recoverable costs, and any and all expenses—including administrative costs, subcontractor fees, postage, handling, messenger or delivery services, photocopies and other

printing costs, server fees, and any other expense whatsoever related to the Lawsuit and the tasks to be performed for execution of this Agreement). Chubb, not Defendant, will pay. Under no circumstance, except a finding of contempt of court, will Defendant (or Chubb) be caused to pay any amount that exceeds the $75,000 agreed by the Parties as complete compensation for the full resolution of the Lawsuit and total compensation to Plaintiff and Class Members related to the Released Claims.

The Parties have agreed that the Plaintiff and Class Counsel, with the monies provided by Chubb, shall administer or oversee the administration of the settlement and the notification to Class Members. Within 20 days after the Court enters the Order of Preliminary Approval of Class Action Settlement, Settlement Counsel shall provide the list of the Class Members' names and addresses to a subcontractor Third-Party Administrator (hereinafter referred to as "TPA").

The distribution of such lump sum (and the corresponding apportionments to Plaintiff, Class Members, attorneys' fees, subcontractor(s) retained for notification and ultimate distribution, or to any other third party), falls squarely on Class Counsel. Defendant (and Chubb) will not be liable to Plaintiff, or to any Class Member, or to the TPA or any subcontractor retained for notification and ultimate distribution, or to third parties, for any decision or act relating to the distribution and apportionment of the settlement lump sum. It is the intent of the Parties that the aggregate and total compensation—for Plaintiff and Class Members and Class Counsel (in the form of attorneys' fees and costs), and TPA, and subcontractors, etc.—will not exceed $75,000.

### 7. **NOTIFICATION PROCESS**

The TPA shall, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

**Written Notice** - The TPA, shall send via U.S. mail a written notice of the settlement to each Class Member at his or her last known valid and updated address. If any notice is returned with a new address, the notice will be re-mailed to the new address. The notice shall be in substantially the form attached as **Exhibit D**. As further described below, the notice shall be sent to each Class Member, along with a claim form for participation in the class action disbursement (hereinafter referred to as the "Claim Form"). The Claim Form shall be in substantially the form attached as **Exhibit E**.

8. **REQUESTS FOR EXCLUSION AND OBJECTIONS**

Class Counsel will administer, or oversee the administration of, the receipt of any and all requests for exclusion and objections. Class Counsel shall notify, to Defendant, complete and faithful copies of any and all requests for exclusion and objections.

**A.** Any Class Member who desires to be excluded from the class must send a written request for exclusion to the TPA, with a postmark date no later than 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. For any member that wishes to be excluded, the 9/30/2024 *Memorandum and Order* (at #96) shall have no *res judicata* or collateral estoppel effect.

**B.** The TPA shall provide a list of the names of each Class Member who submitted a timely exclusion to counsel for Defendants and Class Counsel after the deadline passes. A copy of this list will be filed with the Court and notified to Defendant, along with the Parties' Motion for Final Approval of Class Action Settlement.

**C.** In the written request for exclusion, the Class Member must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.

      **D.** Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement. Furthermore, for any Class Member who submits a valid and timely request for exclusion, the 9/30/2024 *Memorandum and Order* (at #96) shall have no *res judicata* or collateral estoppel effect.

      **E.** Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 50 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Defendant.

      **F.** In the written objection, the Class Member must state: his or her full name, address, and telephone number; the reasons for his or her objection, a statement of the evidence supporting the objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Further, the Class Member must attach to his or her objection any documents supporting the objection.

      **G.** Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

      **H.** When responding to any inquiry from a Class Member, Plaintiffs and Class Counsel shall not state that they believe the settlement is other than fair and reasonable.

      **I.** Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 90 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

    **9. THE EFFECTIVE DATE**

As defined in, **Section (1)(A) of this Agreement**, the "Effective Date" shall be the first date after Final Judgment Day and after Chubb (on behalf of Defendant) executes the payment obligation.

## 10. RELEASES

As of the Effective Date, Plaintiff and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against any of the Released Parties.

**A.** Upon execution of this Agreement, Plaintiffs and the Class Members fully, finally, and forever settle, release, and discharge the Released Parties from any remaining claims that they may have against the Released Parties. Further, upon execution of this Agreement, the Released Parties fully, finally, and forever settle, release, and discharge Plaintiffs, the Class Members and their attorneys, including The Batista Law Group, PSC, from any and all claims or causes of action they may have against any of them.

**B.** The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by Plaintiffs and the Class Members.

## 11. SETTLEMENT CONSIDERATION

In consideration of the foregoing releases, the Parties agree to the following:

**A.** <u>Class Representative Service Payment and Settlement</u> - Within 10 business days after Final Judgment Day, Chubb will pay Plaintiff the amount designated by Class Counsel.

(Settlement Counsel propose that the payment to Plaintiff be $5,000; Defendant and Chubb do not oppose to this amount, as long as the total payments made by Chubb, including settlement for Plaintiff and Class Members, plus attorneys' fees and all expenses related to this Agreement, do not exceed $75,000.)

**B.** <u>Settlement Payments</u> - The TPA shall send via U.S. mail, address correction requested, a Claim Form to each Class Member at his or her last known valid address, as identified in Defendants' updated business records. The Claim Form shall be mailed along with the notice of class action settlement required by **Section 7** of this Agreement. The Claim Form shall be in substantially the form attached as **Exhibit E**.

Each Class Member who does not exclude himself or herself from the class and whose completed Claim Form is returned to the designated TPA with a postmark date no later than 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement shall be entitled to a settlement check.

**C.** <u>Settlement Checks to Class Members</u> – The TPA shall mail a settlement check to each Class Member who does not exclude himself or herself from the class and whose completed Claim Form is received by the designated TPA, with a postmark date no later than 50 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. (Settlement Counsel propose that the settlement checks be of $50.00; in principle, Defendant and Chubb do not oppose to the settlement checks being for at least $50.00 each, as long as the total payments made by Chubb, including to Plaintiff, Class Members, plus attorneys' fees and all expenses related to this Agreement, do not exceed $75,000.) The settlement checks shall be sent via U.S. mail no later than 30 days after Final Judgment Day. Defendants' obligations per this paragraph will be considered fulfilled upon the TPA mailing of the settlement checks, regardless of whether any

settlement check is received, returned, or cashed; provided, however, that the TPA will comply with reasonable requests for issuance of checks for a good cause shown or to correct errors. Each settlement check will be negotiable for a minimum of 60 days after it is mailed. Any funds from returned or uncashed settlement checks shall be awarded to a mutually agreed-upon *cy pres* recipient(s), subject to the Court's approval.

        **D.** <u>Administrative Costs</u> – Class Counsel represents that the TPA fund is set at $7,500; monies and/or amounts that must be delivered to the appointed TPA by the Defendant and/or its insurers immediately upon the TPA's designation. Provided that if this fund is not spent on payments to Class Members, then any remaining monies shall next be applied towards the administrative (including the TPA costs) and mailing costs that the TPA has incurred, will incur, or are responsible to pay relating to the settlement of this Lawsuit. If, after deducting for Claim Forms and other administrative and mailing costs, additional monies remain in the TPA fund, then whatever balance remains will be paid to a mutually agreed-upon recipients, subject to the Court's approval. (Defendant and Chubb do not oppose this paragraph in principle, as long as the total payments made by Chubb, including to Plaintiff, Class Members, plus attorneys' fees and all expenses related to this Agreement, do not exceed $75,000.)

        **E.** <u>Reporting</u> - Within 30 days after the monetary obligations pursuant to this Agreement are completed, Defendant shall provide an accounting to Class Counsel setting forth the payment amount and recipients of all funds distributed pursuant to the settlement. The accounting will include the address to which each payment was sent.

    **12. COVENANT NOT TO SUE**

    Plaintiffs agree, and covenant, and each Class Member will be deemed to have agreed and covenanted not to sue any Released Party with respect to any of the Released Claims or otherwise

to assist others in doing so and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

### 13. TERMINATION

After completing a good faith negotiation, Class Counsel and Defendants shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

**A.** The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **Exhibit B**; or,

**B.** The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing**.**

If either Class Counsel or Defendant terminate this Agreement as provided herein, the Agreement shall be of no force and effect and all of the Parties' rights and defenses shall be restored, without prejudice to their respective positions as if the Agreement had never been executed.

### 14. ATTORNEYS' FEES, COSTS, AND EXPENSES

**A.** Class Counsel shall file an application for attorneys' fees, costs, and expenses in an amount not to exceed $62,500.00, subject to approval by the Court. In principle, Defendant and Chubb do not oppose the upper limit in attorneys' fees proposed by Class Counsel, as long as the aggregate, final amount paid by Chubb does not exceed $75,000—which includes, without limitation: Class Counsel attorneys' fees, plus administrative expenses, plus settlement amounts for Plaintiff and Class Members, plus any other expense related to this Agreement.

**B.** Within the aggregate total payable per agreement by The Parties ($75,000), Chubb shall pay the amount in attorneys' fees awarded by the Court within 30 days after the Court's order related to such fees becomes final (non-appealable). Upon payment of attorneys' fees, costs, and

expenses to Class Counsel, neither Defendant nor its insurers (including Chubb, in particular), shall have any further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

**C.** The Parties and their counsel represent and agree that the consideration to be provided to the Class Members is not contingent on the attorneys' fees to be awarded. (Nevertheless, Defendant and Chubb reiterate that the $75,000 limit of payment, to be made by Chubb, is a germane condition of this Agreement.) The allocation of the $75,000 lump sum amount to cover all payments—i.e., settlement to Plaintiff and Class Members, plus attorneys' fees to Class Counsel, plus expenses by the TPA or other subcontractor (including experts and consultants), plus any other cost related to this settlement—is to be considered by the Court under the principles of fairness, reasonableness, and adequacy of the settlement. Any order or proceedings relating to the allocation of the agreed $75,000 payment, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment approving this Agreement and the settlement of the Lawsuit.

## 15. MISCELLANEOUS PROVISIONS

**A.** Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

**B.** This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an acknowledgment that the settlement payments represent the maximum amount that the Plaintiffs or the class would be entitled to receive in the event that this case proceeds to judgment without settlement. This Agreement shall not be offered or be admissible

against Plaintiffs or Defendant, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

      **C.** No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

      **D.** This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual.

      **E.** This Agreement shall be interpreted in accordance with Puerto Rico law.

      **F.** Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

      **G.** The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Class Members, and over the administration and enforcement of this Agreement.

      **H.** This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

      **I.** In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if Defendant and Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

      **J.** This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

**K.** This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 15th day of January, 2025.

**IT IS HEREBY CERTIFIED** that, on this same date, a copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 15th day of January, 2025.

| For Plaintiff: | For Defendant and Chubb: |
|---|---|
| **THE BATISTA LAW GROUP, PSC.** | *s/ Héctor Benítez Arraiza* |
| P.O. Box 191059 | Héctor Benítez Arraiza – USDCPR 221509 |
| San Juan, PR. 00919 | P.O. Box 6667, San Juan, PR 00914-6667 |
| Telephone: (787) 620-2856 | Email: hba@bapclegal.com & |
| Facsimile: (787) 777-1589 | hbarraiza@gmail.com |
| | Telephone: (787) 640-0192 |
| s/Jesús E. Batista Sánchez | |
| Jesús E. Batista Sánchez, Esq. | |
| USDC-PR No. 227014 | |
| E-mail: jeb@batistasanchez.com | |
| | |
| s/Carlos A. Ortiz Morales | |
| Carlos A. Ortiz Morales | |
| USDC-PR No. 120402 | |
| Email: comlaw@gmail.com | |