IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ ORTIZ VARGAS<br>**Plaintiff**<br><br>v.<br><br>CRESCA CORPORATION<br>**Defendant** | CIVIL NO.: 22-1196 (PAD)<br><br>RE: Fair Debt Collection Practices Act |

## JOINT MOTION FOR JUDICIAL APPROVAL AND PROCEDURAL DIRECTION REGARDING CLASS ACTION SETTLEMENT AGREEMENT

**TO THE HONORABLE COURT:**

**COME NOW** the parties, which are (1) José Ortiz Vargas ("Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members", and (2) Cresca Corporation ("Defendant"); collectively, the "Parties", and respectfully **STATE** and **PRAY** as follows:

### I. INTRODUCTION

1. On January 16, 2025, the Parties jointly submitted a *Class Action Settlement Agreement* (hereinafter referred to as the "*Agreement*", at Docket No. 119) along with several exhibits, specifically: **(1)** *Translated Letter* (**Exhibit A**, at #119-1); **(2)** draft of *Order of Preliminary Approval of Class Action Settlement* (**Exhibit B**, at #119-2); **(3)** draft of *Final Order and Judgment* (**Exhibit C**, at #119-3); **(4)** draft of *Notice of Class Action Lawsuit and Proposed Settlement* (**Exhibit D**, at #119-4); and **(5)** draft of *Claim Form* (**Exhibit E**, at #119-5). In a nutshell, the Parties agreed to resolve and end litigation for $75,000. Such amount will cover Plaintiffs' compensation and all expenses including, without limitation, payments to class members, all attorneys' fees, and all clerical or other expenses related to the litigation and its class settlement.

2.  This *Joint Motion for Judicial Approval and Procedural Direction Regarding Class Action Settlement Agreement* ("*Joint Motion*") aims to summarize the process through which the Parties agreed to execute the *Agreement* and is submitted for the Honorable Court's consideration.

3.  The second goal of this *Joint Motion* is to assist this Honorable Court in its deliberation and decision-making process—which, in due course, will culminate in the issuance of the appropriate orders under the law.

4.  The Parties hereby provide a clear framework and a step-by-step outline of how, should this Honorable Court deem it appropriate, they seek to proceed in order to bring the above-captioned case to a final resolution without further delays.

## II.  DISCUSSION

### A.  CLASS ACTION SETTLEMENT AGREEMENT:

5.  On April 26, 2022, Plaintiff filed a class action complaint under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. After extensive discovery and dispositive motion practice, the Parties reached a settlement agreement to resolve the claims in this action. Defendant, through its insurer, will pay $75,000 to cover all of Plaintiffs' compensation and expenses including, without limitation, all payments to the class representative and members, all attorneys' fees, and all clerical expenses related to the litigation and its class settlement. *See*, #119, pp. 5-6 section 6, "Payment and Administration".

6.  The *Agreement*, as filed, memorializes the terms of a final resolution, balancing the risks and costs of continued litigation against the benefits of a certain and immediate resolution. The Parties agree that the settlement is fair, reasonable, and adequate, representing the best interests of both the Class Members and the Defendant. Through said *Agreement*, the Parties aim to resolve all claims fully and finally without further delays.

**7.** The *Agreement* concurrently seeks class certification under FED. R. CIV. P. 23(a) and (b)(3) to ensure that the settlement is binding on the class as defined in **Section (1)(A) of the Class Action Settlement.** Defendant has informed that the class consists of 111 Class Members. The proposed certification is for settlement purposes only.

**8.** The *Agreement* includes the definitions and specific terms mutually agreed upon by the Parties. Accordingly, its scope and legal consequences for both the Plaintiff and/or Class Representative, as well as the Class Members and the Defendant, shall be exclusively governed by the provisions contained therein.

**B. ORDER OF PRELIMINARY APPROVAL:**

**9.** Attached to the *Agreement*, the Parties filed a draft of the *Order of Preliminary Approval* (hereinafter referred to as "*Preliminary Order*") at **Exhibit B** (#119-2).

**10.** This proposed *Preliminary Order* is respectfully submitted to this Honorable Court so that, if deemed appropriate under the law, its issuance will trigger the implementation of the terms and obligations to be carried out by the Parties. This will ensure compliance with all preliminary requirements contemplated in the *Agreement*, thereby positioning this Honorable Court to issue, on the appropriate moment, the *Final Order and Judgment,* (hereinafter referred to as "*Final Order*"), a draft of which was attached to the *Agreement* as **Exhibit C** (#119-3), which will be discussed further below.

**11.** This *Preliminary Order* at **Exhibit B** (#119-2), will have the effect of **preliminarily** certifying, for settlement purposes only:

**a.** The definition of the class sought to be certified (#119-2, p. 2 ¶ 2).

**b.** The identification of 111 putative members (#119-2, p. 2 ¶ 3).

 **c.** The class representative, Plaintiff José Ortiz Vargas and the legal representation of both the representative and the Class Members, The Batista Law Group. (#119-2, p. 2 ¶ 4).

 **d.** The compliance of the *Complaint* with the statutory requirements set forth in FED. R. CIV. P. 23 (#119-2, p. 2 ¶ 5).

 **e.** That the settlement of the *Complaint*, per the terms and conditions in the *Agreement*, is in all respects fundamentally fair, reasonable and adequate (#119-2, p. 3 ¶ 6).

 **f.** Court's Approval of the *Notice of Class Action Lawsuit and Proposed Settlement* (**Exhibit D** attached to the *Agreement*, to be discussed in further detail below) ((hereinafter referred to as, the "*Notice*"). This *Notice* will be sent to the putative members to inform them of the *Agreement*, as well as their rights and obligations of the Class Members sought to be finally certified (#119-2, p. 3 ¶ 7).[1]

 **g.** Court's Approval of the process for the Class Members to exclude themselves from the *Agreement* and/or object to the fairness of the *Agreement* (#119-2, p. 4 ¶¶ 8 & 9).

 **h.** Court's Approval of the *Claim Form* attached to the *Agreement* as **Exhibit E** (at #119-5, also to be discussed in further detail below) that will be mailed to the putative members along with the *Notice* through a Third Party Administrator (hereinafter referred to as the, "TPA") to be subcontracted by the Class Counsel upon the court's issuance of the *Preliminary Order* (#119-2, p. 5 ¶ 10).

 **i.** The scheduling of a *Fairness Hearing*, ensuring this Honorable Court to be positioned to address the issuance of a *Final Order*, the procedural details to be discussed in the *Fairness*

---

[1] It is clarified that Paragraph 7 of the *Preliminary Order* refers to **Exhibit E**, when it should correctly reference **Exhibit D**, which constitutes the *Notice* to be used. *See*, Docket No. 119-2 **Exhibit B** ¶ 7.

*Hearing,* the manner in which it should be conducted, as well as the proper preparation for all participants who intend to appear prior its celebration (#119-2, pp. 5-6 ¶¶ 11-13).

12. Should this Honorable Court issue the *Preliminary Order* and thereby approve the sufficiency of the *Notice* and *Claim Form* (**Exhibits D** and **E** attached to the *Agreement*, at #119-4 &119-5, respectively), Class Counsel, through the TPA, shall ensure that the completed *Notice* is mailed to the Class Members as expeditiously as possible, but no later than 30 days after the Court's entry of said *Preliminary Order*. This 30-day period will largely depend on the date the Court issues the *Preliminary Order*. *See*, **Exhibit B** at #119-2, p. 3 ¶ 7.

13. No later than 50 days from the date of issuance of the *Preliminary Order*, any Class Member who wishes to be excluded from the class or object to the fairness of the *Agreement* must submit a written request for exclusion to the TPA. This 50-day period will largely depend on the date the Court issues the *Preliminary Order*. *See*, **Exhibit B** at #119-2, p. 4 ¶¶ 8 & 9.

14. The details and specifications, including the time, modality, location, and any other necessary arrangements for the proposed *Fairness Hearing*, are to be determined by this Honorable Court in accordance with its calendar availability. *See*, **Exhibit B** at #119-2, p. 6 ¶ 12. It is clarified that the hearing date should be scheduled after the expiration of the 50-day period granted to Class Members to express their desire to belong to the class, which begins upon the issuance of the *Preliminary Order*.

15. Once the *Fairness Hearing* date is scheduled by this Honorable Court, and in light of the aforementioned timeline, **10 days** before the hearing, the TPA shall file with the Court and serve upon Class Counsel and Defendant's counsel an affidavit confirming that the notices were mailed in accordance with the *Agreement* and the *Preliminary Order*. *See*, **Exhibit B** at #119-2, p. 3 ¶ 7. This step ensures the reliability of the process and the effort to resolve disputes conclusively. This

**10-day** period will depend on the date that this Honorable Court ultimately schedules for the *Fairness Hearing*.

16. Similarly, submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, and petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, if need be, shall be filed with the Court no later than **7 days** prior to the *Fairness Hearing*. *See*, **Exhibit B** at #119-2, p. 6 ¶ 13.  This **7-day** period will depend on the date that this Honorable Court ultimately schedules for the *Fairness Hearing*.

C. <u>**NOTICE AND CLAIM FORM:**</u>

   i. <u>**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT:**</u>

17. As discussed above, a *Notice* was filed alongside the *Agreement* as **Exhibit D** (at #119-4) for the Court's consideration and approval upon the issuance of the *Preliminary Order*. The purpose of this *Notice* is to inform putative members of the Class Action Lawsuit and Proposed Settlement about the following: why they are being notified, the nature of the case, why it is a class action, the reason for the settlement, the compensation each member will receive, the attorneys' fees to be awarded to Class Counsel, the steps required to qualify for payment, the rights they are waiving, how to opt out of the *Agreement*, information regarding the *Fairness Hearing*, their right to attend the hearing and object to the *Agreement*, and other relevant matters. **Exhibit D** (#119-4).

18. The *Notice* includes blank spaces for amounts and dates that are largely dependent on this Honorable Court's approval and scheduling. However, once the *Preliminary Order* is issued, establishing the relevant dates and approving the *Agreement's* content, the Parties will be able to complete the *Notice*, as outlined in the related **Exhibit D** (#119-4), by filling in the missing information based on the *Preliminary Order* and the *Agreement* to be preliminary approved by said Order. This finalized *Notice* will be utilized and sent to Class Members through the TPA, with the

blank spaces completed as informed by the *Preliminary Order* and *Agreement* and alongside the *Translated Claim Letter* (**Exhibit A**, at #119-1) and the *Claim Form* (**Exhibit E** at #119-5).

    ii.   **CLAIM FORM:**

19. The *Agreement* submitted for this Honorable Court's consideration includes a *Claim Form*, which is attached as **Exhibit E** (at #119-5). This *Claim Form* constitutes the model document that will be sent to the 111 putative members, who, based on knowledge and information, compose the class sought to be certified for settlement purposes only. Upon issuance of the *Preliminary Order*, the TPA to be subcontracted by Class Counsel will be in a position to send the *Claim Form* along with the *Notice*, as outlined and previously related as **Exhibit D** (#119-4) and **Exhibit E** (#119-5). The purpose of the *Claim Form*, if approved in substance, is to provide Class Members with a mechanism to formally express their interest in being part of the putative class and to ensure the receipt of their compensation. This will be accomplished once the form is completed and returned with their personal and contact information. The deadlines for the putative members to respond and return the *Claim Form* will depend on the date the *Preliminary Order* is ultimately issued and will be filled out and completed accordingly.

D.  **FINAL ORDER AND JUDGMENT:**

20. Lastly, once the *Preliminary Order* has been issued and the corresponding notifications have been carried out in accordance with said *Order* and the *Agreement* between the Parties through the designated TPA, the Parties will jointly submit a *Motion for Final Approval of Class Action Settlement* (hereafter referred to as, the "*Final Approval Motion*"). The *Final Approval Motion* will place the Court in a position to determine that the requirements outlined in the *Agreement* and the *Preliminary Order* have been faithfully met, including an affidavit from the TPA confirming that the notices were mailed in accordance with the *Agreement* and the

*Preliminary Order* and a list including the identities of the persons who made valid and timely requests for exclusion from the class and the *Agreement*. This will enable the issuance of the *Final Order* conclusively resolving the case for the interested Parties and the putative members who have expressed their intent to be part of the *Agreement* through the Claim Form mechanism. *See*, draft of *Final Order* at **Exhibit C** (#119-4, pp. 1-2).

21. The Final Order will include **final certifications** regarding:

   a. The definition of the class sought to be certified (#119-3, p. 2 ¶ 2).

   b. The identification of 111 putative members (#119-3, p. 2 ¶ 3).

   c. The class representative, Plaintiff José Ortiz Vargas and the legal representation of both the representative and the members of the class, The Batista Law Group (#119-3, p. 3 ¶ 4).

   d. The compliance of the *Notice* and *Claim Form* notifications in conformity with the Court's *Preliminary Approval Order* and in satisfaction of the requirements of FED. R. CIV. P. 23(c)(2)(B) (#119-3, p. 3 ¶ 5).

   e. The compliance of the *Complaint* with the statutory requirements outlined in FED. R. CIV. P. 23 (#119-3, p. 3 ¶ 6).

   f. That the settlement of the *Complaint*, on the terms and conditions set forth in the *Agreement*, are in all respects fundamentally fair, reasonable and adequate (#119-3, p. 4 ¶ 7).

   g. Court's incorporation by reference of the Settlement Terms as consummated in the *Agreement* and after the receipt of claims forms sent by Class Members (#119-3, p. 4 ¶ 8).

   h. Brief summary addressing any objections and/or exclusions raised by putative members regarding the settlement, as well as a record of those members who chose to exclude

themselves from the *Agreement,* if any (#119-3, p. 5 ¶ 9). This ensures transparency and finality for all Parties and putative members involved in the settlement process.

    i.   The Final Order will also address the Release of Claims and Dismissal of the Lawsuit for those Class Members who submitted a *Claim Form* to be included in the *Agreement* (#119-3, p. 5 ¶ 11). Specifically, it will confirm the dismissal of the *Complaint* with prejudice in all respects (#119-3, p. 5 ¶ 12), while retaining this Honorable Court's continuing and exclusive jurisdiction over the Parties and all matters relating to the *Complaint* or the *Agreement*, which includes overseeing the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and the *Final Order* (#119-3, p. 5 ¶ 13).

### E.  PROPOSED DISTRIBUTION OF THE $75,000 IN SETTLEMENT FUNDS

**22.** The $75,000 limit of payment, to be made by Defendant's insurer, is a germane condition of the *Agreement* and its allocation is to cover any and all payments related to the litigation and settlement—i.e., without limitation, compensation to Plaintiff and Class Members, attorneys' fees to Class Counsel, administrative and other expenses by the TPA or other subcontractor (including experts and consultants), etc. (at #119, pp. 5-6 ¶ 6). Plaintiff proposes the following distribution of the funds, over which Defendant has no objection as long as the aggregate amount for all payments, by Defendant through its insurer, does not exceed $75,000:

    a.   José Ortiz, named plaintiff and Class Representative: $5,000.00 (#119, pp. 9-10 ¶ 11A).

    b.   Settlement checks to Class Members: $50.00[2] (#119, pp. 10-11 ¶¶ 11B & 11C).

    c.   Administrative Costs: $7,500[3] (#119, p. 11 ¶ 11D).

---

[2] For clarification purposes, it is noted that the amount of $50.00 to be received by each Class Member who completes the corresponding *Claim Form* to be part of the *Agreement* is included within the total sum that will constitute the Administrative Costs and/or TPA fund in the amount of $7,500.

[3] *Id.*

    **d.** Class Counsel's Attorneys' Fees, costs and expenses: "an amount not to exceed $62,500.00, subject to approval by the Court" (#119, p. 12 ¶ 14).

### III. <u>CONCLUSION</u>

**23.** The Parties respectfully submit this *Joint Motion* to facilitate this Honorable Court's evaluation of the proposed *Agreement*. The *Agreement* reflects a fair, reasonable, and adequate resolution of the claims and seeks to finalize all class-related issues, including the certification of the settlement class, the approval of the *Notice* and *Claim Form*, and the administration of a Settlement Fund, ensuring timely and efficient resolution for all putative Class Members.

**24.** The Parties submit that the *Agreement* adheres to all procedural and substantive requirements of FED. R. CIV. P. 23 and provides a clear framework for resolving the case. Upon the issuance of the *Preliminary Order*, the Parties and the selected TPA will work diligently to ensure compliance with all notification and procedural requirements. At the conclusion of this process, the Court will be positioned to issue a *Final Order and Judgment*, bringing this matter to a close while retaining jurisdiction over any remaining issues related to the *Agreement's* administration and enforcement. The Parties respectfully request this Honorable Court's approval to move forward in accordance with the proposed terms.

    **WHEREOF,** the Parties respectfully request that this Honorable Court: **1)** Approve the *Class Action Settlement Agreement* submitted on January 16, 2025, as fair, reasonable, and adequate for the purposes of settlement; **2)** Issue the *Preliminary Order* as outlined in **Exhibit B**, including approval of the *Notice* (**Exhibit D**) and *Claim Form* (**Exhibit E**) attached therein with the *Agreement*; **3)** Set a *Fairness Hearing* date and provide procedural direction regarding the finalization of the settlement; **4)** Grant such other and further relief as this Honorable Court deems just and proper.

**IT IS HEREBY CERTIFIED** that, on this same date, a copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 24 day of January 2025.

| For Plaintiff: | For Defendant: |
|---|---|
| **THE BATISTA LAW GROUP, PSC.**<br>P.O. Box 191059<br>San Juan, PR. 00919<br>Telephone: (787) 620-2856<br>Facsimile: (787) 777-1589<br><br>s/Jesús E. Batista Sánchez<br>Jesús E. Batista Sánchez, Esq.<br>USDC-PR No. 227014<br>E-mail: jeb@batistasanchez.com<br><br>s/Carlos A. Ortiz Morales<br>Carlos A. Ortiz Morales<br>USDC-PR No. 120402<br>Email: comlaw@gmail.com | *s/ Héctor Benítez Arraiza*<br>Héctor Benítez Arraiza – USDCPR 221509<br>P.O. Box 6667, San Juan, PR 00914-6667<br>Email: hba@bapclegal.com &<br>hbarraiza@gmail.com<br>Telephone: (787) 640-0192 |